IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10224
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN BENITEZ-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:01-CR-51-1-C
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Juan Benitez-Sanchez appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. He complains that his sentence was improperly increased based on his prior deportation following an aggravated felony conviction.

Benitez-Sanchez first argues that the aggravated felony conviction that resulted in his increased sentence is an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment and included in the factual basis of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his guilty plea. Benitez-Sanchez maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

Benitez-Sanchez's argument presupposes that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. However, in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. As an aggravated felony is not an element of the offense under 8 U.S.C. § 1326, it need not have been alleged in the indictment and need not have been elicited as an element of the offense when establishing the factual basis. Benitez-Sanchez's argument is without merit.

Benitez-Sanchez also contends that nothing in the record supports a finding that he was convicted of an aggravated felony. Benitez-Sanchez's argument has no basis in fact. The presentence report (PSR) clearly states that in 1998, Benitez-Sanchez was convicted in state court of three counts of delivering a controlled substance. Those offenses qualify as aggravated felonies for purposes of 8 U.S.C. § 1326(b)(2) and the United States Sentencing Guidelines. See U.S.S.G. § 2L1.2(b)(1)(A)(Nov. 2001), § 2L1.2, comment. (n.1(B)(iii)(Nov. 2001)). Benitez-Sanchez has not challenged the accuracy of the facts contained in the PSR. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995). Accordingly, the district court was entitled to rely on

that information at sentencing.  <u>Id.</u>  The judgment of the district court is AFFIRMED.

In lieu of filing an appellee's brief, the Government has filed a motion asking this court to dismiss this appeal or, in the alternative, to summarily affirm the district court's judgment.  The Government's motion to dismiss is DENIED.  The motion for a summary affirmance is GRANTED.  The Government need not file an appellee's brief.

AFFIRMED; MOTION TO DISMISS DENIED; MOTION FOR SUMMARY AFFIRMANCE GRANTED.